STATE OF NEBRASKA, APPELLEE, V. DENISE M. GRAY, APPELLANT.
388 N.W.2d 836

Filed June 20, 1986. No. 85-776.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Douglas County against defendant, Denise M. Gray, for second degree forgery, a Class IV felony. Defendant pled guilty and was sentenced to imprisonment for not less than 20 months nor more than 5 years in the Nebraska Center for Women at York.

The sole issue on appeal in this case is whether the district court erred in finding that defendant's plea of guilty was voluntarily, knowingly, and intelligently entered when the record does not reflect that she was advised that by pleading guilty she was waiving her right to assistance of counsel at trial.

In preparation for accepting defendant's plea of guilty, the trial judge examined defendant and her attorney extensively. Defendant was represented by counsel throughout the examination and when she pled guilty. The trial judge questioned defendant in accordance with *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). He did not, in so many words, inform defendant that if she pled guilty she would give up her right to assistance of counsel at trial. He did, however, make reference to her attorney and explain that if she chose to proceed to trial her attorney would be permitted to question witnesses. Upon completion of the examination, the judge made a finding that defendant freely, voluntarily, knowingly, and intelligently waived her rights.

Defendant does not assert that she is not guilty, that she was surprised, misled, or deceived, that her plea was involuntary, or that she lacked any specific understanding of its effect. Defendant is well acquainted with the criminal justice system as a result of her extensive criminal record dating back to 1969. When defendant waived her right to a trial by pleading guilty, she waived her right to all that is inherent in a trial, including the

right to be represented by counsel at the trial.

To grant defendant a new trial would be to place form over substance. Mere failure to comply with precise ceremonial or verbal formality in arraignment and entry of a plea does not require setting aside a defendant's guilty plea which is otherwise entered in accordance with statutory and constitutional requirements. *State v. Jost*, 219 Neb. 162, 361 N.W.2d 526 (1985). The judgment of the district court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., participating on briefs.